**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| **BAO YUPING,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **CAUSE NO. EP-26-CV-867-KC** |
| | § | |
| **PAM BONDI et al.,** | § | |
| | § | |
| **Respondents.** | § | |

## SHOW CAUSE ORDER

On this day, the Court considered the case.  On March 27, 2026, Bao Yuping filed a

Petition for a Writ of Habeas Corpus ("Petition"), ECF No. 1.  In response to the Court's Show

Cause Order, ECF No. 2, Respondents filed a Response, ECF No. 8.

Respondents argue that Yuping is lawfully detained under 8 U.S.C. § 1231(a) because his

removal order became administratively final on February 26, 2026, and thus, he is within the

ninety-day removal period.  Resp. 3–4.

Generally, when a noncitizen is ordered removed from the United States, removal should

occur within ninety days.  8 U.S.C. § 1231(a)(1)(A).  That removal period ordinarily

begins when the noncitizen is subject to a final order of removal.  *See id.* § 1231(a)(1)(B).

During this removal period, "the Attorney General shall detain the alien."  *Id.* § 1231(a)(2)(A).

The removal period may be extended in at least three circumstances.  Relevant here, a noncitizen

may be detained beyond the removal period if he is "(1) inadmissible, (2) removable as a result

of violations of status requirements, entry conditions, or the criminal law, or for national security

or foreign policy reasons, or (3) a risk to the community or unlikely to comply with the removal

order."  *Johnson v. Guzman Chaves*, 594 U.S. 523, 528–29 (2021) (citing 8 U.S.C. § 1231(a)(6)).

If any of these grounds apply, the statute imposes no limit on the time a person may be detained.  Because "[a] statute permitting indefinite detention . . . would raise a serious constitutional problem" the Supreme Court has "read an implicit limitation" into the statute and has held that a noncitizen may only be detained for "a period reasonably necessary" to effectuate their removal.  *Zadvydas*, 533 U.S. at 689–90.  This period is presumptively six months.  *Id.* at 701.  After the presumptively reasonable period and once the noncitizen "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the Government must rebut this showing or release the noncitizen.  *Id.*

Here, Yuping has been detained for less than two months since his removal order became administratively final.  Resp. 3; *see* Pet. ¶¶ 22-23; EOIR Automated Case Information, https://acis.eoir.justice.gov/en/caseInformation.  Thus, he is still within the presumptively reasonable six-month-period for Respondents to effectuate his removal.  *See Zadvydas*, 533 U.S. at 689–90.  However, because Yuping's detention may, at some point, become unreasonably prolonged, the Court takes this matter under advisement pending additional information from Respondents.

Accordingly, the Court **ORDERS** that Respondents shall provide a status report **by no later than August 25, 2026**, detailing the following:

    (1)  What concrete steps have been taken to effectuate Yuping's removal,

    (2)  What obstacles exist to effectuating Yuping's removal, such as issuance of travel documents, or identifying a country for removal,

    (3)  What concrete steps have been taken to address the existing obstacles, and

    (4)  The anticipated timeline for Yuping's removal from the United States.

SO ORDERED.

SIGNED this 16th day of April, 2026.

KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE